695 P.2d 1259

**Catherine A. Field RHODES, Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF HEALTH AND WELFARE, Respondent.**

No. 15366.

Supreme Court of Idaho.

Feb. 13, 1985.

Gordon S. Nielson, Boise, for appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen. and Mark A. Ingram (argued) and Steven Merrill Stoddard, Deputy Attys. Gen., Boise, for respondent.

HUNTLEY, Justice.

Catherine Field Rhodes appeals from the District Court's affirmation of a Magistrate Court's termination of the parent-child relationship between Ms. Rhodes and her child.

After a six day hearing before the Honorable A. Richard Grant, Magistrate, the court rendered a memorandum opinion terminating the parent-child relationship. In the opinion, the magistrate summarized the relevant testimony of witnesses for both parties and made the following findings: (1) that Ms. Rhodes had physically abused the child; (2) that Ms. Rhodes had neglected the child; (3) that Ms. Rhodes and her husband had been dishonest with the Department of Health and Welfare and had attempted to cover up their physical abuse of the child; (4) that the Rhodes' prognosis for improving their parenting ability was poor; and (5) that the child had bonded with her foster mother and would experience trauma and further developmental delay if she were removed from her foster mother's care. The magistrate ordered the parent-child relationship terminated based on his findings that Ms. Rhodes had abused and neglected her child and that termination of the relationship was in the best interest of the parent and child.

The matter was appealed to the Honorable Gerald Schroeder. After briefing and argument, Judge Schroeder affirmed the magistrate's decision.

A parent-child relationship may be terminated by the court when it finds that the parent has neglected or abused the child or that termination is found to be in the best interest of the parent and child. I.C. § 16–2005. In the instant case, the magistrate's findings of neglect and abuse as set out in the memorandum opinion are clearly supported by substantial and competent evidence. Likewise his conclusion that termination is in the child's and parent's best interest is supported by this evidence. When findings are supported by substantial and competent, although conflicting, evidence, those findings will be sustained on appeal. *In the Matter of Matthews*, 97 Idaho 99, 540 P.2d 284 (1975). We therefore affirm the district court's affirmation of the magistrate's order.

Costs to respondent. No attorneys' fees awarded.

DONALDSON, C.J., and SHEPARD and BAKES, JJ., concur.

BISTLINE, J. concurs in the result.

BISTLINE, Justice, specially concurring.

I must express concern over the entire process of terminating the parent-child relationship. In Idaho Code, Title 16, Chapter 20, the guidelines for termination of the parent and child relationship are set forth. In I.C. § 16–2001 the purpose of the law is established, in which the legislature clearly set forth a policy favoring preservation of the family: "Implicit in this act is the philosophy that wherever possible family life should be strengthened and preserved...." I.C. § 16–2001. However, the law also recognizes that in certain circumstances it is necessary to terminate the parent-child relationship. The conditions which allow for termination are provided in I.C. § 16–2005 and include such things as abandonment, neglect and abuse.

The troublesome part of this statutory scheme, in my mind, appears in I.C. § 16–2009 which addresses the hearing at which the court must determine a termination is required under the law. Idaho Code § 16–2009, as amended in 1983, provides in part:

The court's finding with respect to grounds for termination shall be based upon *clear and convincing evidence* under rules applicable to the trial of civil causes, provided that relevant and material information of any nature, including that contained in reports, studies or examinations, may be admitted and relied upon to the extent of its probative value. (Emphasis added.)

While I wholeheartedly agree that "clear and convincing evidence" is the correct standard of proof at the trial level, I cannot help but be perplexed by the appellate standard of review which requires the findings of the trial court to be supported by substantial and competent evidence. The majority cites *In the Matter of Matthews*, 97 Idaho 99, 540 P.2d 284 (1975), as authority for the scope of appellate review. This may be appropriate for cases decided between 1963 and 1983 when I.C. § 16–209 provided:

The court's findings with respect to grounds for termination shall be *based upon a preponderance of evidence* un-

der rules applicable to the trial of civil causes, provided that relevant and material information of any nature, including that contained in reports, studies or examinations, may be admitted and relied upon to the extent of its probative value. (Emphasis added.)

Under this "preponderance of the evidence" test for the trial court a "substantial and competent evidence" standard for appellate review may have been correct. However, the 1983 amendment now requires clear and convincing evidence for the trial court to terminate the parent-child relationship. The legislature, recognizing the importance of the parent-child bond, established a higher standard of proof for the trial court to order a termination. Likewise, this Court should require a stricter standard of review in these cases, and require the party who requested the termination to prove by more than substantial and competent evidence that the trial court was correct in terminating the relationship between the parent and his or her child. This area of the law is far too important to be glossed over with ephemeral standards of review by this Court. Thus, while I am concurring with the result in the case before us, I believe the Court should examine more closely the scope of appellate review in these extremely important cases where there is no retreat from a final decision.

Other than for the fact that the judge made his own independent exhaustive evaluation of the mother-child relationship, another bothersome concern is the extent to which, absent a conscientious judge, the decision to terminate or not terminate might very well hinge principally upon the view of the guardian ad litem appointed to represent the interests of the child. Where the statutory scheme apparently now requires, or at least allows, the guardian to file an investigative report, together with recommendations on the issue being tried, the stage is well-set for the trial court to over-rely upon that report and recommendation, to the possible detriment of what is intended to be a *judicial* inquiry.