697 P.2d 1232

**In the Interest of Justin Lee CHEAT-WOOD, a child under eighteen years of age.**

**The STATE of Idaho, DEPARTMENT OF HEALTH AND WELFARE, Petitioner-Respondent,**

v.

**Shirley CHEATWOOD, Respondent-Appellant.**

**No. 15344.**

Court of Appeals of Idaho.

March 28, 1985.

Michael E. Powers, of Twin Falls, for respondent-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., of Boise, and James T. Baird, Deputy Atty. Gen., of Twin Falls, for petitioner-respondent.

BURNETT, Judge.

We are asked to decide whether a parent-child relationship should be terminated for parental neglect. We approach this question mindful of a remark attributed to Luther Burbank, the famous botanist: "If we had paid no more attention to our plants than we have to our children, we would now be living in a jungle of weeds." Burbank's confession pointedly reminds us that children do not grow into healthy adults by accident. They need attentive care.

In this case, the Idaho Department of Health and Welfare filed a termination petition in the interest of Justin Lee Cheatwood, a boy then five years old. Justin's divorced parents, Shirley and Jerry Cheatwood, resisted the petition. The magistrate, upon a finding of neglect, ordered termination. Both parents appealed, without success, to the district court. The father then discontinued his part in the litigation but the mother appealed again, bringing the case before us. Consequently, our focus is narrowed to the mother-child relationship. The principal issue is whether the magistrate's finding of maternal neglect is adequately supported by the evidence. We hold that it is.

■ Idaho Code § 16–2005(b) defines neglect as "a situation in which the child lacks parental care necessary for his health, morals and well-being." Whether such neglect has occurred is a question of fact, to be determined in the first instance by the trial judge upon a constitutionally mandated standard of clear and convincing evidence. *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also* I.C. § 16–2009 (as amended in 1983). When neglect has been found upon this standard, the judge's finding—like any finding of fact—is reviewable upon the familiar appellate standard of substantial evidence. *Thompson v. Thompson,* (Idaho Ct.App. No. 15171, March 15, 1985). Although it has been suggested that the constitutional standard of proof at trial implies a more rigorous standard of review on appeal, our Supreme Court has rejected the suggestion. *Rhodes v. State of Idaho, Department of Health and Welfare,* 107 Idaho 1120, 695 P.2d 1259 (1985).

Here, although the magistrate's findings did not specifically advert to the clear and convincing standard of proof, the record

leaves little doubt that such a standard was applied. In opening argument at trial, counsel for the Department of Health and Welfare cited the *Santosky* decision and said, "With that in mind the State would like to proceed ... using the standard of clear and convincing [evidence]...." Consequently, we will accord the magistrate's finding of neglect the usual appellate deference and will confine our review to ascertaining whether the finding is supported by substantial evidence.

The facts disclosed by the record need not be recited in great detail. The Department presented testimony showing that its caseworkers had answered calls or complaints about the Cheatwoods since 1977—and about Mrs. Cheatwood in particular since 1979. She had, as her appellate brief concedes, "a severe alcohol problem." Caseworkers conducting home visits frequently found her to be intoxicated and confused. On one occasion Justin was found unclothed and suffering from a cold. He appeared small for his age. Another time he was found unattended in the home, where his mother had passed out from intoxication. At the Department's urging Mrs. Cheatwood entered several alcohol rehabilitation programs, at various locations in Idaho, but she continued drinking. She depended on public assistance to support Justin. She was unable to hold jobs more than a few days at a time. Two older children of an earlier marriage were removed from her custody by court order and were placed with their father.

Amidst these events, Mrs. Cheatwood's mother and sister, believing that Justin was not receiving proper care, caused a petition to be filed in 1981 under the Child Protective Act. In response Mrs. Cheatwood signed a stipulation temporarily vesting custody of Justin with the Department for a period not exceeding six months. However, she was permitted to keep the child at home. Another stipulation of temporary custody was signed later in the year. In 1982 Mrs. Cheatwood's drinking problem appeared to worsen. A third stipulation, this one vesting custody for an indeterminate period, was executed. Justin was removed from the home and placed in foster care. A Department caseworker informed Mrs. Cheatwood that a termination petition would be filed if her situation did not change. Unfortunately, it did not. After the termination petition was filed, a guardian ad litem recommended that it be granted so that Justin could receive a permanent adoptive placement.

Upon this record we hold that the magistrate's finding of parental neglect is supported by substantial evidence. The record would allow no other finding. Nevertheless, Mrs. Cheatwood argues that termination is inappropriate because the evidence does not show that her neglect actually has produced substantial harm to Justin. This argument disregards the fact, compellingly shown in the record, that if, indeed, harm to the child has been avoided in this case, it is largely due to the efforts of relatives, caseworkers and foster parents. Moreover, nothing in the statutory definition of "neglect" suggests that a child must suffer demonstrable harm before the parent-child relationship can be terminated. It is sufficient that the child "lacks parental care necessary for his health, morals and well-being." The termination statutes of this state exist not merely to alleviate harm but to prevent it.

The district court's decision upholding the termination decree is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.