182 P.3d 1196

**In the Matter of the Termination of Parental Rights Regarding John Doe and Jane Doe I.**

**STATE of Idaho, DEPARTMENT OF HEALTH & WELFARE, Petitioner–Respondent,**

v.

**Jane DOE, Respondent–Appellant.**

**No. 33731.**

Supreme Court of Idaho, Boise, February 2008 Term.

April 9, 2008.

Benjamin P. Andersen, Deputy Public Defender, for appellant.

Hon. Lawrence G. Wasden, State Attorney General, for respondent.

John Elorrieta, Jerome, for Guardian ad Litem.

W. JONES, Justice.

## FACTS AND PROCEDURAL BACKGROUND

The magistrate court, Honorable Howard Smyser presiding, terminated Jane Doe's parental rights in May 2006. The magistrate court found (1) that Jane Doe had neglected her children (C.H. and B.Y.) as defined in I.C. §§ 16–1602(25), –2002(3)(b) and (2) that termination of parental rights was in the best interest of the children. Jane Doe appealed the magistrate's findings as not supported by clear and convincing evidence as required by I.C. § 16–2009, and the district court, Honorable G. Richard Bevan presiding, affirmed the magistrate decision. Jane Doe appeals that decision to this Court.

C.H. (D.O.B.1/24/93) and B.Y. (D.O.B.10/06/98) were taken into custody by the Department of Health and Welfare (the Department) on November 15, 2004. On November 15, 2004, Jane Doe had been evicted from her home, had lost her job, and was using illegal drugs. A case plan was suggested by the Department in order to facilitate the children's return home. The case plan was adopted by the magistrate court on December 30, 2004. Jane Doe's initial case plan included; (1) substance abuse treatment, (2) mental health treatment, (3) address domestic violence issues, (4) address the children's needs, (5) schedule visitations, (6) establish stable housing, (7) gain financial stability, and (8) create a concurrent plan. All of the above were required prior to the children being returned to Jane Doe's custody and home.

Jane Doe was arrested June 3, 2005 for felony possession of a controlled substance. At that time, her probation was revoked for a 2004 burglary charge, and sentence imposed. At the time of her arrest, Jane Doe had made almost no efforts to comply with the case plan. Jane Doe was incarcerated for six months and, following her release, placed on probation in December 2005.

On July 26, 2005, the Department filed a motion and petition for termination of parent-child relationship on the grounds of neglect. The children had been in the custody of the Department, and out of Jane Doe's home, for eight months at the time the petition was filed, and Jane Doe had been incarcerated for just over a month. At the time of her release from incarceration in December 2005, the children had been in the custody of the Department for eleven months. Jane Doe's parental rights were terminated in May 2006. The children had been in the custody of the Department for seventeen months. Jane Doe appeals to this Court.

The following issues are presented to this Court on appeal:

1. Whether the district court erred when it affirmed the magistrate's findings that Jane Doe neglected her children.

2. Whether the district court erred when it affirmed the magistrate's finding that termination of parental rights was in the best interest of the children.

## STANDARD OF REVIEW

■ In order to terminate parental rights, the trial court must first find that grounds for termination of parental rights exist under I.C. § 16–2005 [1], and secondly, that termination of parental rights will be in the best interest of the child. *See Doe v. Roe*, 133 Idaho 805, 992 P.2d 1205 (1999). "The court may grant an order terminating the relationship where it finds one (1) or more of the following conditions exist: ... [t]he parent has neglected or abused the child." I.C. § 16–2005(b). Neglect is defined as "a situa-

---

1. There are six conditions under which termination of parental rights may be granted; (1) abandonment, (2) neglect, (3) not the natural parent, (4) mental illness or deficiency, (5) voluntary petition by the parent, and (6) consent in conjunction with adoption. I.C. § 16–2005.

**664**

tion in which the child lacks parental care necessary for his health, morals and well-being" or "the parent(s) has failed to comply with the court's order in a child protective act case or the case plan, and reunification of the child with his or her parent(s) has not occurred within the time standards set forth in section 16–1629(9), Idaho Code." I.C. §§ 16–1602(25), 16–2002(3)(b). The Department is required to initiate proceedings to terminate parental rights if the child is placed out of the home for fifteen out of the last twenty-two months. I.C. § 16–1629(9). The trial court may decline to terminate parental rights if it finds that termination is not in the best interest of the child. I.C. § 16–1629(9).

▪ The court's findings must be supported by clear and convincing evidence. I.C. § 16–2009. This Court will not overturn those findings unless they are clearly erroneous. *Crum v. State, Dep't of Health & Welfare*, 111 Idaho 407, 408, 725 P.2d 112, 113 (1986). A finding is clearly erroneous if it is not supported by substantial and competent evidence. *Crum*, 111 Idaho at 408, 725 P.2d at 113 (citing *Rhodes v. State, Dep't of Health & Welfare*, 107 Idaho 1120, 695 P.2d 1259 (1985)). All reasonable inferences will be drawn to support the trial court's judgment. *Doe*, 133 Idaho at 807, 992 P.2d at 1207 (citing *In the Interest of Baby Doe*, 130 Idaho 47, 53, 936 P.2d 690, 696 (Ct.App. 1997)). When the district court acts in an appellate capacity, this Court reviews the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 183 P.3d 758, 2008 WL 820025 (2008). We review the magistrate's findings to determine whether they are supported by substantial and competent evidence. *Losser*, 145 Idaho at 672, 183 P.3d at 760, 2008 WL 820025 (quoting *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). This Court will find error in a district court's decision to affirm the magistrate court only if the magistrate's decision is not supported by substantial and competent evidence, and therefore, clearly erroneous The magistrate judge has a better "opportunity to observe witnesses' demeanor, to as-

sess their credibility, to detect prejudice or motive and to judge the character of the parties." *In re Aragon*, 120 Idaho 606, 608, 818 P.2d 310, 312 (1991).

**The district court did not err in affirming the magistrate's findings that Jane Doe neglected her children.**

▪ Termination proceedings were initiated on the grounds of neglect, one of the six conditions required to initiate termination of parental rights proceedings under I.C. § 16–2005. The magistrate court found that Jane Doe had neglected her children as defined by I.C. § 16–2002(b)(3).[2] The magistrate court found that Jane Doe had been completely non-compliant with her case plan until her release from incarceration. Further, the magistrate court found that upon release, she merely complied with the terms of her probation rather than the terms of her case plan.

Jane Doe argues that "[d]ue to the programs that [she] participated in during and after her rider, and the progress being made by her at the time of parental termination, the evidence for neglect was not clear and convincing." Jane Doe supports this argument by listing all of the programs that she participated in while in prison and after release, in order to facilitate her children to return home. The magistrate court, however, found that the programs Jane Doe participated in were not part of the case plan, but were the conditions of her felony probation and retained jurisdiction program. These programs included; (1) grieving and loss, (2) HIV/STD/AIDS prevention class, (3) helping women recover, (4) relapse prevention, (5) consumer credit counseling and (6) thinking for a change. The magistrate court did find that Jane Doe had complied with the case plan by attending out-patient counseling, obtaining employment upon release and bi-weekly urinalyses. However, all Jane Doe's compliances with her case plan were also terms of her felony probation. Although Jane Doe had complied with a few portions of her case plan, ultimately the magistrate found that "prison programs and probation terms fall far short of a case plan designed to reunify the family."

2. " 'Neglected' means: ... (b) The parent(s) has failed to comply with the court's orders in a child protective act case or the case plan, and reunifi-

cation of the child with his or her parent(s) has not occurred within the time standards set forth in section 16–1629(9), Idaho Code."

Although the evidence is conflicting, it cannot be said that the findings are not supported by substantial and competent evidence. Jane Doe had seventeen months to comply with the case plan developed by the Department, and only began some compliance in the last six months by following the terms of her felony probation. Additionally, the magistrate court found several instances of neglect as defined in I.C. § 16–1602(25),[3] including, but not limited to; (1) the events leading to shelter care, (2) past criminal charges, (3) failure to engage in counseling prior to release from incarceration, (4) developmental delays of C. H., (5) past drug and alcohol use, (6) lack of stable housing and (7) failure to support the children financially while the children were in the custody of the Department.[4] This Court affirms the district court which affirmed the magistrate's finding that Jane Doe neglected her children under I.C. § 1602(25) and I.C. § 16–2002(3)(b).

**The district court did not err in affirming magistrate's findings that termination of parental rights was in the best interest of the children.**

■ Next, the magistrate found that termination of parental rights was in the best interest of the children. The magistrate court heard testimony from social workers at the Department and the Guardian Ad Litem, all of whom testified that termination of parental rights was in the children's best interest. Specifically, the testimony included the sporadic visitations and contacts by Jane Doe, the repeated drug use relapses, unemployment, and issues regarding domestic violence. The magistrate also took note that it had been more than sixteen months since Jane Doe had been able to provide her children with a stable home.

> The court finds that the grounds for termination in this case are not minimal. Simply stated, [Jane Doe] has continually disregarded the physical, emotional and educational needs of the children; she has

repeatedly failed to undertake and discharge her parental obligations toward the care and control of the children; and she has failed to provide for their subsistence, education, medical or other care necessary for their well-being. Her drug addiction and domestic violence constitute a danger to the children.

This Court affirms the district court, which affirmed the magistrate's findings that termination of Jane Doe's parental rights was in the best interest of the children. It cannot be said that the district court erred in finding that the magistrate's findings were supported by substantial and competent, although conflicting, evidence.

For the foregoing reasons, this Court affirms the decision of the district court.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON concur.

---

3. " 'Neglected' means a child: (a) Who is without proper parental care and control, or subsistence, education, medical or other care or control necessary for his well-being because of the conduct or omission of his parents . . . "

4. The magistrate found that Jane Doe failed to contribute financially to the needs of the children before incarceration and after incarceration. That is, the magistrate expressly noted that Jane Doe was unable to contribute financially while incarcerated, but chose not to while she was free from incarceration.