IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43052

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS OF JOHN DOE (2015-02). | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | 2015 Unpublished Opinion No. 554 |
| | ) | Filed: July 17, 2015 |
| Petitioner-Respondent, | ) ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2015-02), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Carolyn M. Minder, Magistrate.

Order terminating parental rights, affirmed.

Alan Trimming, Ada County Public Defender; Joshua M. Wickard, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mary Jo Beig, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

John Doe appeals from the magistrate's order terminating his parental rights as to his two children. Specifically, Doe contends the magistrate's finding that there was clear and convincing evidence that termination was in the best interests of the children was not supported by substantial and competent evidence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In terminating Doe's rights, the magistrate relied on the following undisputed evidence: The child protection history for this family has spanned ten years. Doe's children have been in foster care forty months of the last four years and since their most recent return to foster care,

1

they have been in the custody of the Idaho Department of Health and Welfare (the Department) for twenty-five months. Doe's children were neglected due to his substance abuse, which impaired his ability to provide proper parental care and control. When a case plan was ordered in this case, Doe had lost his Section 8 housing due to his lack of compliance with Section 8 requirements. Doe failed to: comply with and complete the tasks of his case plan; maintain a safe and stable home environment for himself or his children; abstain from abusing alcohol; participate in treatment; maintain employment; and regularly attend scheduled visits with the children. Doe has been in the custody of the Idaho Department of Correction since October 2014 for felony theft charges.

The magistrate considered Doe's testimony that he loved his children, testimony of the children's foster mother, testimony of the guardian ad litem (GAL), and testimony of a supervisor with the Department. The children's current foster mother testified that she has had the children in her home for more than two years. In that timeframe, she has only had approximately ten interactions with Doe, and Doe's visits had little impact on the children. After familiarizing himself with the extensive child protection history, interacting with the children and their foster mother, and considering the persistent child protective concerns of neglect by Doe and his unabated use of alcohol, the GAL testified that termination of Doe's parental rights was in the best interests of the children. A child welfare supervisor with the Department, who was also familiar with the extensive history of this case and all of the efforts made by the Department to assist Doe in maintaining a relationship with his children, also agreed that termination of parental rights was in the best interests of the children.

Upon considering the undisputed evidence and the testimony from all the witnesses, the magistrate found that the last two and one-half years of the children being in foster care had been "the most stable and safest environment [the] children have lived in." Accordingly, the magistrate terminated Doe's parental rights as to both children after finding clear and convincing evidence that he had neglected the children and that termination was in their best interests. Doe timely appeals.

## II.

## ANALYSIS

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d

2

341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that wherever possible family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the Department prove grounds for terminating a parent-child relationship by clear and convincing evidence. *Id.*

Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *Doe*, 146 Idaho at 761-62, 203 P.3d at 691-92; *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said, however, that the substantial evidence test requires a greater quantum of evidence in cases where the trial court finding must be supported by clear and convincing evidence, than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits the Department to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period which will be injurious to the health, morals, or well-

being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate determined that termination was warranted on the basis of Doe's neglect of the children. Idaho Code § 16-2002(3) defines "neglect" in two ways. First, neglect is defined as any conduct included in I.C. § 16-1602(28). I.C. § 16-2002(3)(a). Pursuant to I.C. § 16-1602(28), a child is neglected if he or she "is without proper parental care and control, or subsistence, medical or other care or control necessary for his well-being because of the conduct or omission of his parents, guardian or other custodian or their neglect or refusal to provide them" or if the parent(s) "are unable to discharge their responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety or well-being." Second, neglect is defined as situations where the parent(s) has failed to comply with the court's orders or the case plan in a Child Protective Act case, the Department has had temporary or legal custody of the child for fifteen (15) of the most recent twenty-two (22) months, and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the department. I.C. § 16-2002(3)(b).

Doe did not contest the magistrate's finding of neglect at trial and does not challenge that finding on appeal. However, he argues the magistrate erred in concluding that termination was in the best interests of the children. Thus, we turn solely to the sufficiency of the evidence of this determination. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is out of the parent's custody, the improvement of the child while out of the parent's custody, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014); *see also Doe v. Roe*, 133 Idaho 805, 809-10, 992 P.2d 1205, 1209-10 (1999); *Doe v. State*, *Dep't of Health & Welfare*, 122 Idaho 644, 648, 837 P.2d 319, 323 (Ct. App. 1992). A finding that it is in the best interest of the child to terminate parental rights must still be made

upon objective grounds, supported by substantial and competent evidence. *In re Doe*, 152 Idaho 953, 957, 277 P.3d 400, 404 (Ct. App. 2012).

On appeal, Doe presents two specific arguments regarding the magistrate's findings. First, Doe contends the magistrate erred by considering the GAL's opinion regarding the best interests of the children because the GAL did not interview him or observe his interactions with the children. While it is undisputed that the GAL had never spoken to Doe, nor observed a visit between Doe and the children, the magistrate did not err in considering the GAL's opinion as to the children's best interests. The magistrate found that the GAL's opinion was based on his interactions with the children, their foster mother, and school staff; his review of the children's extensive child protective history; and Doe's ongoing neglect and continued alcohol use. Accordingly, the district court found that "the GAL [was] qualified to offer an opinion of this case and what is best for the children" and "the GAL's failure to observe any visits [was] not a basis upon which to completely disregard his opinion as to what is in the children's best interest[s]." We agree. The magistrate properly considered the GAL's testimony in weighing the evidence.

Second, Doe argues that the trial court failed to consider relevant evidence of his bond with his children in the decision to terminate his parental rights. This contention is belied by the record. At the outset of its analysis of whether termination was in the best interests of the children, the magistrate found, "There is no dispute that the children and [Doe] have a bond, and that [Doe] loves his children." The magistrate gave weight to the bond Doe shared with his children, but concluded that this bond did not prevail in an analysis of the best interests of the children.

The record supports the magistrate's finding that termination was in the best interests of the children. Doe has been unable to provide a safe, stable, and healthy environment for the children as a result of his substance abuse and ongoing criminal conduct. The child protection history spans ten years as to this family. Doe habitually failed to comply with the terms of his case plan and treatment; provided little to no financial support for the children due to his chronic unemployment; continued to abuse alcohol; and failed to provide safe and stable housing for himself or his children. At the time of Doe's termination, the children had been in the custody of the Department for twenty-five months since their return to foster care, and had been in foster care forty months of the last four years. Doe has been in custody since October 2014 for felony

criminal theft charges, and his behavior during his incarceration resulted in sanctions that prevented visitation with his children.

Conversely, the children's foster home has provided them parental care and control and stability in housing and attending school. Since being in foster care, the children's behavior has improved although there is still progress to be made to stabilize the children and their emotions. The stability and safety the foster home has provided has led to the longest period of time in the children's lives that they have been continually cared for by an adult.

Thus, there is substantial, undisputed evidence in the record showing that both children have been subject to neglect most of their lives by Doe. Doe was unable to provide a stable and safe home for the children for any appreciable period of time throughout the child protection history as a result of his alcohol and substance abuse and his inability or unwillingness to change his conduct. In addition, Doe apparently lacks the capacity to change his behavior. He repeatedly failed to complete--or even participate in--substance abuse treatment, failed to complete his case plan, and incurred new criminal charges. The termination statutes of this state exist not merely to alleviate harm but to prevent it. *In re Cheatwood*, 108 Idaho 218, 220, 697 P.2d 1232, 1234 (Ct. App. 1985). Termination of Doe's parental rights will allow his children to live in a home in which all of their needs are provided for, give them the stability they deserve, and prevent the future harm that will occur from continued custody instability. Accordingly, the magistrate did not err in determining that termination was in the best interests of the children.

## III.

## CONCLUSION

There is substantial and competent evidence to support the magistrate's finding that the Department presented clear and convincing evidence that termination was in the best interests of the children. Accordingly, the magistrate's order terminating Doe's parental rights to the children is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.