**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43866**

| | |
|---|---|
| In the Matter of: JOHN DOE, A Minor Child. | ) |
| | ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) |
| | ) |
| Petitioner-Respondent, | ) 2016 Unpublished Opinion No. 553 |
| | ) |
| v. | ) Filed: May 31, 2016 |
| | ) |
| JOHN DOE I (2016-2), | ) Stephen W. Kenyon, Clerk |
| | ) |
| Respondent-Appellant, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| and | ) BE CITED AS AUTHORITY |
| | ) |
| SEAN PATRICK WALSH, PLLC/CASA, | ) |
| | ) |
| Guardian Ad Litem-Respondent. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, Magistrate.

Judgment terminating parental rights, affirmed.

Jonathan B. Hull, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Denise L. Rosen, Deputy Attorney General, Coeur d'Alene, for respondent.

Anderson, Palmer, George, Walsh & Taylor, PLLC; Sean P. Walsh, Coeur d'Alene, for guardian ad litem

---

GRATTON, Judge

John Doe I appeals from the magistrate's judgment terminating his parental rights. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe's child, J.H., was born in 2014. J.H.'s mother, K.L., had an older child, P.B., who was the subject of an Idaho Department of Health and Welfare (Department) case. The case worker for that matter began to have concerns about domestic violence and methamphetamine use in the home. The case worker observed bruises on K.L., and law enforcement responded to several domestic violence allegations at the home. Doe had a history of drug use and failed to take requested drug tests. He later admitted he began using methamphetamine again in July 2014.

The magistrate authorized the Department to remove J.H. from the home in September 2014. The magistrate subsequently ordered Doe to complete a case plan and authorized the Department to file a petition for termination of Doe's parental rights with reunification efforts to continue. While the petition was pending, Doe stopped attending his arranged visits with J.H., did not successfully complete any of the tasks in his case plan, failed to attend review hearings, and was charged with felony attempted strangulation and domestic violence against K.L. The magistrate ultimately terminated reunification efforts.

The magistrate terminated Doe's parental rights in January 2016, finding Doe abandoned and neglected J.H. and termination was in J.H.'s best interest. At the time of the decision, Doe was incarcerated on misdemeanor petit theft and felony possession of methamphetamine charges. Although he had arranged to live with his family upon release, he had not obtained employment.

Doe timely appeals the magistrate's judgment terminating his parental rights.

# II.

## ANALYSIS

Doe argues Idaho's appellate standard of review for parental termination cases does not comply with due process. He also argues the magistrate erred in holding Doe willfully abandoned J.H., and it was in J.H.'s best interest to terminate Doe's parental rights.

### A.    Appellate Standard of Review

Doe argues Idaho's appellate standard of review for parental termination cases does not comply with due process and this Court should employ free appellate review in this case. In an action to terminate parental rights, this Court must determine if the magistrate's decision was supported by substantial and competent evidence. *In re Doe*, 143 Idaho 343, 345, 144 P.3d 597,

599 (2006). In other words, we defer to findings of fact that are not clearly erroneous, but we freely review the magistrate's conclusions of law reached by applying the facts found to the applicable law. *See Staggie v. Idaho Falls Consol. Hosps., Inc.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). We will not set aside the magistrate's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *See Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Substantial and competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *In re Doe*, 143 Idaho at 345-46, 144 P.3d at 599-600.

In support of his argument, Doe relies on *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996). In *M.L.B.* the United States Supreme Court stated,

> Choices about marriage, family life, and the upbringing of children are among associational rights this Court has ranked as "of basic importance in our society," rights sheltered by the Fourteenth Amendment against the State's unwarranted usurpation, disregard, or disrespect. [This] case, involving the State's authority to sever permanently a parent-child bond, demands the close consideration the Court has long required when a family association so undeniably important is at stake.

*Id.* at 116-17 (citations omitted). Doe admits *M.L.B.* does not address the appropriate appellate standard of review in parental termination cases. However, Doe asserts the language quoted above puts parental rights in the same category of rights as those subject to free appellate review, such as freedom of speech. Doe also relies on Justice Bistline's special concurrence in *Rhodes v. State, Dep't. of Health and Welfare*, 107 Idaho 1120, 695 P.2d 1259 (1985), which states:

> [T]his Court should require a stricter standard of review in [parental termination] cases, and require the party who requested the termination to prove by more than substantial and competent evidence that the trial court was correct in terminating the relationship between the parent and his or her child. This area of the law is far too important to be glossed over with ephemeral standards of review by this Court.

*Id.* at 1121, 695 P.2d at 1260 (Bistline, J., specially concurring).

We have already considered the appropriate appellate standard of review for parental termination cases in *Thompson v. Thompson*, 110 Idaho 93, 714 P.2d 62 (Ct. App. 1986). There we recognized, "In some cases, constitutionally protected interests, such as freedom of speech, have been held to require an appellate court to conduct free review of the constitutionally significant facts." *Id.* at 95, 714 P.2d at 64. We noted that some jurisdictions had applied free appellate review to parental termination cases. *Id.* However, a number of other jurisdictions, as

3

well as the Idaho Supreme Court,[1] had applied the clearly erroneous standard and so we too adhered "to the 'clearly erroneous' standard of review in child termination cases." *Id.* at 95-96, 714 P.2d at 64-65. We stated:

> The finder of fact has the opportunity to observe the witnesses' demeanor, to assess their credibility, to detect prejudice or motive and to judge the character of the parties. In a parental-termination case, this is immensely important. A cold record of the trial does not tell the whole story. An independent review by our court could not take into account the trial court's superior view of the entire situation. Therefore, we leave to the [trial] court the task of determining whether clear and convincing evidence supports the termination of parental rights.

*Id.* at 96, 714 P.2d at 65 (citations omitted).

We see no reason to depart from the standard of appellate review employed in *Thompson*. We have adhered to the clearly erroneous standard of review in a long line of parental termination cases. *See, e.g.*, *In re Doe Children*, 159 Idaho 664, 667, 365 P.3d 420, 423 (Ct. App. 2015); *Idaho Dep't of Health & Welfare v. Doe*, 148 Idaho 832, 835, 230 P.3d 442, 445 (Ct. App. 2010); *State v. Doe*, 123 Idaho 562, 565, 850 P.2d 211, 214 (Ct. App. 1993). *See also*, *Hofmeister v. Bauer*, 110 Idaho 960, 964, 719 P.2d 1220, 1224 (Ct. App. 1986) ("[A]ppellate review should disregard the burden of proof below. Appellate courts do not weigh evidence. That is a function reserved to the triers of fact. A determination as to whether a disputed fact has been established by a preponderance of evidence, by clear and convincing evidence, or by evidence leaving no reasonable doubt, turns largely upon the weight ascribed to the evidence that supports the finding. If appellate courts are to avoid usurping the function of weighing evidence, then they should limit the scope of review to determining that the burden of proof below was properly understood by the trier of fact and that the findings are supported by substantial evidence." (citations omitted)). Moreover, Justice Bistline's special concurrence in *Rhodes* is not binding on this Court, and the Idaho Supreme Court has since approved the clearly erroneous standard of appellate review employed in *Thompson*. *In re Bush*, 113 Idaho 873, 876, 749 P.2d 492, 495 (1988) ("Appellants ask us to abandon the substantial competent evidence test for a more stringent standard of appellate review. This very argument was rejected by the Court of Appeals in *Thompson* . . . . We agree with the Court of Appeals and 'adhere to the "clearly erroneous" standard of review in child termination cases.'" (citations omitted)). Finally, while

---

[1] *Rhodes v. State, Dep't of Health and Welfare*, 107 Idaho 1120, 695 P.2d 1259 (1985); *Thompson v. Thompson*, 110 Idaho 93, 95, 714 P.2d 62, 64 (Ct. App. 1986).

*M.L.B.* emphasizes the importance of parental rights, that case does not demand application of a stricter appellate standard of review. We are satisfied that the clearly erroneous standard of appellate review satisfies due process. Therefore, we decline to employ the free review standard of appellate review in parental termination cases.

**B.     Abandonment**

Doe next argues the magistrate erred in holding he willfully abandoned J.H. Doe asserts he did not willfully sever his relationship with J.H. Rather, Doe asserts he maintained a normal parental relationship with J.H. until the Department took custody of J.H. Further, Doe asserts he sought to visit J.H. after the Department took custody of J.H. until Doe developed mental health issues and the court terminated reunification efforts.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002); *see also Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). "Implicit in [the Termination of Parent and Child Relationship Act] is the philosophy that wherever possible family life should be strengthened and preserved . . . ." Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the Department prove grounds for terminating a parent-child relationship by clear and convincing evidence. *Id*. Idaho Code § 16-2005 permits the Department to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period which will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate terminated Doe's parental rights on the statutory grounds of neglect, I.C. § 16-2005(1)(b), and abandonment, I.C. § 16-2005(1)(a). On appeal, Doe does not contest the magistrate's finding that he neglected J.H. Because each statutory ground is an independent basis for termination, we affirm the magistrate's termination of Doe's parental

5

rights on the statutory ground of neglect. Nonetheless, we will address Doe's argument regarding the statutory ground of abandonment.

Pursuant to I.C. § 16-2002(5), abandonment occurs when "the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact." The word "or" is a disjunctive conjunction used to express an alternative and thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010).

When a parent fails to maintain a normal parental relationship without just cause for a period of one year, prima facie evidence of abandonment exists. I.C. § 16-2002(5). There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the defendant lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the defendant then has the burden of production to present evidence of just cause. *Id.* If the magistrate finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

In this case, the magistrate found "by clear and convincing evidence that the Department has met the burden of establishing abandonment as that is legally defined by the Idaho code." The magistrate based this finding on substantial evidence. Doe maintained a violent relationship with K.L. after J.H.'s birth. The magistrate stated, "that kind of chaos [does not facilitate] a normal relationship between a parent and a child." Doe also regularly used methamphetamine after J.H.'s birth. According to the magistrate, Doe essentially "chose using drugs over maintaining and establishing a relationship with his son." After the Department took custody of J.H., Doe did not keep in contact with J.H. or follow the case plan that would allow Doe to reunify with J.H. The magistrate said Doe failed to attend "scheduled visits so that he could maintain a normal parent-child relationship or even develop one." Also relevant here is the magistrate's statement regarding neglect: "Providing housing and support, medical care, none of that has been taken care of by [Doe]." A reasonable trier of fact would accept and rely on this

6

evidence to determine whether Doe abandoned J.H. Thus, substantial and competent evidence supported the magistrate's finding that Doe abandoned J.H.

Moreover, the record belies Doe's assertions that he maintained a normal parental relationship with J.H. before the Department took custody of J.H. and Doe's mental health issues justified his failure to maintain a normal parental relationship with J.H. after the Department took custody of J.H. Before the Department took custody of J.H., Doe and K.L. maintained a violent relationship and Doe regularly used methamphetamine. This violence and drug use prevented Doe from providing for and maintaining a normal parental relationship with J.H. After the Department took custody of J.H., Doe's violent relationship with K.L. and drug use continued and likely played a significant role in Doe's failure to visit, provide for, and maintain a normal parental relationship with J.H. Thus, we are not convinced Doe's mental health issues alone caused or justified his failure to maintain a normal parental relationship with J.H. after the Department took custody of J.H.

## C. Best Interest of the Child

Finally, Doe argues the magistrate erred in holding it was in J.H.'s best interest to terminate Doe's parental rights. Specifically, he asserts the magistrate did not have any studies or reports regarding the outcome of children in parental termination cases and relied on non-expert opinions based on vague Department standards and practices. Doe also asserts it was not in J.H.'s best interest to terminate Doe's parental rights based on his experience of losing his father at a young age.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *Aragon*, 120 Idaho at 611, 818 P.2d at 315. Expert testimony is not required to establish that termination would be in the child's best interest. *Doe v. Roe*, 133 Idaho 805, 809, 992 P.2d 1205, 1209 (1999). When determining whether termination is in the child's best interest, the trial court may consider the stability and permanency of the home, the employment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014); *see also, Doe*, 133 Idaho at 809-10, 992 P.2d at 1209-10; *Doe v. State, Dep't of Health & Welfare*, 122 Idaho 644, 648, 837 P.2d 319, 323 (Ct. App. 1992). Thus,

a finding that it is in the best interest of the child to terminate parental rights must be made upon objective grounds, supported by substantial and competent evidence. *In re Doe*, 152 Idaho 953, 957, 277 P.3d 400, 404 (Ct. App. 2012).

Here, the magistrate found "by clear and convincing evidence that termination of the parental relationship between [Doe] and his son [J.H.] is in the best interest of the child in this case." The magistrate considered Doe's history of drug use and domestic violence and failure to regularly visit J.H. and use the Department's resources. The magistrate also considered that J.H.'s health had improved with his current caregivers; J.H. had become attached to his current caregivers; J.H. was living with P.B., his half-brother; J.H.'s current caregivers could provide him with a nurturing, safe, and stable environment; and J.H. would face instability with Doe.

Substantial and competent evidence supported the magistrate's finding that it was in J.H.'s best interest to terminate Doe's parental rights. Doe's history of drug use and domestic violence was not conducive to a stable, permanent home environment. Further, Doe did not make any efforts to address these issues. He failed to successfully complete any of the tasks in his case plan, which included substance abuse and domestic violence treatment. Doe also did not contribute financially to J.H.'s care and continued to violate the law after the Department took custody of J.H. At the time of the magistrate's decision terminating Doe's parental rights, Doe was incarcerated on misdemeanor petit theft and felony possession of methamphetamine charges. Finally, throughout the pendency of J.H.'s case, Doe was unemployed and without housing. Although he had arranged to live with his family upon release from incarceration, he had not obtained employment. In contrast to Doe's struggles during this period, J.H. showed substantial improvements. His health improved; he became attached to his caregivers; he developed a relationship with P.B.; and he was in a nurturing, safe, and stable environment. A reasonable trier of fact would accept and rely on this evidence to determine whether it was in J.H.'s best interest to terminate Doe's parental rights. Thus, substantial and competent evidence supported the magistrate's finding that it was in J.H.'s best interest to terminate Doe's parental rights.

Doe's assertion that it was not in J.H.'s best interest to terminate Doe's parental rights based on his experience of losing his father at a young age is unavailing. While we recognize the negative effect that experience had on Doe, Doe's inability to provide a stable environment for J.H. requires us to affirm that it was in J.H.'s best interest to terminate Doe's parental rights. Doe argues that the magistrate's decision is not supported because it had no studies or reports

8

regarding the outcome of children in parental termination cases and relied on non-expert opinions. However, expert testimony is not required to establish that termination would be in the child's best interest. *Roe*, 133 Idaho at 809, 992 P.2d at 1209 (1999). The same is true for studies or reports. The magistrate is capable of determining the best interest of the child based on established factors and evidence presented.

## III.
## CONCLUSION

We adhere to our well-established standard of appellate review in parental termination cases. Moreover, substantial and competent evidence supported the magistrate's findings that Doe abandoned J.H., and it was in J.H.'s best interest to terminate Doe's parental rights. The magistrate's judgment terminating Doe's parental rights is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.